Lawrence S. Lustberg
Jonathan M. Manes
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102

Claudia Slovinsky
Leena Khandwala
**CLAUDIA SLOVINSKY & ASSOCIATES PLLC**
233 Broadway, Suite 2005
New York, NY  10279

*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMAD MAHDI AHMAD HASSAN QATANANI; and CLAUDIA SLOVINSKY,<br><br>        Plaintiffs,<br><br>        v.<br><br>DEPARTMENT OF HOMELAND SECURITY AND ITS COMPONENTS U.S. CITIZENSHIP AND IMMIGRATION SERVICES and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF JUSTICE AND ITS COMPONENT FEDERAL BUREAU OF INVESTIGATION,<br><br>        Defendants. | Case No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

### PRELIMINARY STATEMENT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief seeking to enforce two requests for records ("Requests") from U.S. Citizenship and Immigration Services ("USCIS") and U.S. Immigration and Customs Enforcement ("ICE"), both components of the United States Department of

Homeland Security ("DHS").  These Requests were served more than six months ago, and while the Defendants have produced a number of documents, they have also withheld many pages in full and have extensively redacted some of the pages that have been produced.  Defendants have not adequately identified the withheld materials or justified their non-disclosure.  Nor is it clear whether Defendants have conducted an adequate search for responsive records.  Plaintiffs bring this action to compel  the disclosure of records withheld in full or in part and, if necessary, to compel further searches for responsive documents.

2.       The Requests at issue in this action seek all information pertaining to the Plaintiff, Dr. Mohammad Qatanani.  Substantially identical requests were filed upon another component of DHS, U.S. Customs and Border Protection ("CBP"), as well as the Federal Bureau of Investigation ("FBI"), a component of the Department of Justice.  Those requests are currently the subject of litigation pending in this Court under  Docket No. 2:12-cv-4042-KSH-PS.  The purposes of all four of these requests, set forth below, are also identical.

3.       Dr. Qatanani has for the past 16 years served as Imam of the Islamic Center of Passaic County, one of New Jersey's largest and most diverse mosques.  Dr. Qatanani is married and has six children, three of whom were born in the United States.

4.       Dr. Qatanani submitted his application for lawful permanent residency (a "Green Card") to the Immigration and Naturalization Service ("INS") in 1999, three years after immigrating to the United States with his family on a work visa.  Pursuant to statute, USCIS and ICE, together with CBP, have since taken over the functions of the INS, which no longer exists. Dr. Qatanani's application remained pending with the INS and then USCIS for 7 years, with no action taken on it.   In July 2006, federal immigration authorities commenced removal proceedings against him.  In September 2008, an Immigration Judge ruled in Dr. Qatanani's

favor, ordering that he not be deported but instead be granted the lawful permanent resident status for which he had applied.   The government appealed that decision to the Board of Immigration Appeals ("BIA"), which remanded the case in October 2009 for further factual development before the Immigration Judge.   The factual hearing on remand was originally scheduled for May 2012, but has since been adjourned until November 2012.

5.      Dr. Qatanani was interviewed by an ICE agent in 2006 in connection with his pending application to obtain a Green Card, and an ICE agent testified at Dr. Qatanani's Immigration Court hearing in 2008.  Moreover, the government attorneys who have prosecuted Dr. Qatanani's immigration case are employed by ICE and in prosecuting his case rely on records maintained by USCIS, which processes applications for adjustment to permanent resident status.  Defendant agencies therefore certainly possess records relevant to Dr. Qatanani's immigration proceedings.   These records are likely to be crucial to the fair adjudication of Plaintiff Qatanani's case and, consequently, may determine whether he and his family are permitted to remain in this country, where they have made their lives for the better part of two decades, or instead are removed against their will.  Accordingly, Plaintiff Claudia Slovinsky, Dr. Qatanani's immigration attorney, filed the Requests at issue in this action on Dr. Qatanani's behalf and with his express consent.

6.      Ultimately, USCIS found 834 pages responsive to the request, of which 604 have been released in full, 54 released in part, and 96 withheld in full.  In addition, 80 of these 834 pages were referred to other agencies – 55 to ICE and, apparently, the rest to the FBI – for those agencies to determine whether they should be produced or withheld.  ICE has stated, by letter, that it is withholding portions of the 55 pages that were referred to it.  No response to Plaintiff's request or other correspondence related to this matter has been received from the FBI.

7.     Separately, ICE responded to the request served upon it by stating that it had found 3 pages of responsive records, all of which have been withheld in full.

8.     Plaintiffs have exhausted their administrative remedies and now bring this action to compel immediate disclosure of the records withheld in full or in part and, if necessary, to compel further searches for responsive documents.

## JURISDICTION AND VENUE

9.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

10.     Venue is appropriate in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.     Plaintiff Mohammad Mahdi Ahmad Hassan Qatanani is the Imam of the Islamic Center of Passaic County and has resided in Paterson, New Jersey since 1996.  Dr. Qatanani expressly authorized his attorney, Plaintiff Claudia Slovinsky, to file the Requests at issue in this action on his behalf.

12.     Plaintiff Claudia Slovinsky is an attorney licensed to practice law in the States of New Jersey and New York.  She resides in Essex County, New Jersey.  She submitted the Requests at issue in this action.

13.     Defendant Department of Homeland Security is a Department of  the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  U.S. Citizenship and Immigration Services and U.S. Immigration and Customs Enforcement are both components of DHS.

14.     Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The Federal Bureau of Investigations ("FBI") is a component of DOJ.  USCIS found documents in its files responsive to Plaintiff's Request that originated with the FBI and which were referred to the FBI for processing and direct response to the Plaintiff.

## FACTS

### USCIS FOIA

15.     On January 10, 2012, Plaintiffs submitted a FOIA Request to USCIS seeking "any and all records held by the U.S. Citizenship and Immigration Services regarding Dr. Qatanani and any and all other records maintained by the U.S. Department of Homeland Security regarding him . . . ."

16.     The January 10, 2012 Request to USCIS also sought expedited processing, explaining that Dr. Qatanani was in the midst of removal proceedings.  In support of this Request, Plaintiffs attached a notice from the Immigration Court scheduling Dr. Qatanani's upcoming factual hearing, at which the responsive records would be necessary to his defense.

17.     Also attached to the January 10, 2012 FOIA Request was a notarized consent form, signed and sworn to by Dr. Qatanani, authorizing Ms. Slovinsky "to obtain and review any and all information pertaining to [him]."

18.     By letter dated January 30, 2012, Jill A. Eggleston, Director of FOIA Operations at USCIS National Records Center, confirmed that the January 10, 2012 Request had been received on January 30, 2012.  The letter indicated that USCIS had assigned the request case number NRC2012006435.  The letter stated that the Request had been placed in the "fast track

(Track 3)" for processing, and provided various other administrative information.  This letter was no accompanied by any records, nor did it describe any withholdings.

19.     By letter dated March 29, 2012, Ms. Eggleston notified Plaintiff Slovinsky that USCIS had completed their review and had identified 834 pages responsive to the Request; 598 of these pages were released in full 47 pages were released in part.  Another 109 pages, however, were withheld in full.   And the remaining 80 pages were referred in their entirety to other unidentified government agencies for their direct response to Plaintiff Slovinsky.

20.     The March 29, 2012, letter stated that USCIS was relying on various FOIA exemptions to withhold the documents withheld in full or produced only with redactions. Specifically, the letter stated that USCIS was relying on the FOIA exemptions found at 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).  The letter also included boilerplate descriptions of the scope of each of these exemptions.  The letter provided no explanation whatsoever as to why any given document fell within the scope of one or more exemptions; nor did it provide any description of materials withheld.  The documents enclosed with the letter appear to identify the exemption(s) upon which the government relies for each redaction, but there is no description of the redacted material, nor an explanation as to why such material falls within the claimed exemption(s).

21.     Plaintiff Slovinsky filed an administrative appeal of the March 29 decision on May 25, 2012.  With respect to the 109 pages withheld in full and 47 pages withheld in part, the appeal challenged the propriety of the withholdings under the claimed FOIA exemptions.  With respect to the 80 documents referred by USCIS to other agencies, the appeal asked for a list of those agencies.  The letter requested a determination within 20 days, as provided by statute.

22.     By letter dated May 31, 2012, Alan D. Hughes, Associate Counsel in USCIS Commercial and Administrative Law Division acknowledged receipt of the administrative appeal and notified Plaintiff that the appeal had been assigned control number APP2012000533.   The letter included no substantive response to Plaintiff's appeal.

23.     Plaintiff Slovinsky received a substantive response to her appeal from Mr. Hughes by letter dated July 2, 2012.   The letter indicated that, upon consideration of the appeal, USCIS had decided to release an additional 13 pages, of which 6 were released in full and 7 in part. Those pages were enclosed with the letter.   The letter affirmed the original decision to withhold the rest of the documents, and offered no additional explanation of justification for their withholding.   The letter also stated that the records that USCIS had referred to other agencies originated from the Department of Justice, Federal Bureau of Investigations and from Immigrations and Customs Enforcement, and that those agencies would respond directly to Plaintiff Slovinsky.

24.     Plaintiffs have received no further communication from USCIS.   Plaintiffs bring this action to challenge USCIS' withholdings and redactions.

<u>USCIS FOIA: Documents Referred to ICE</u>

25.     By letter dated July 5, 2012, Catrina M. Pavlik-Keenan, a FOIA Officer at ICE, issued ICE's final response regarding 55 pages of documents that had been referred to ICE by USCIS.   According to the postmark on the envelope, this letter was not mailed until July 23, 2012, and it did not reach Plaintiff Slovinsky's offices until August 3, 2012.   The letter indicated that ICE had assigned case number 2012FOIA12047 to this matter.   The letter also stated that portions of the 55 pages were being withheld pursuant to Exemption (k)(2) of the Privacy Act and Exemptions 5, 6, 7(C) and 7(E) of the FOIA.   The letter provided boilerplate descriptions of

the scope of these exemptions, but failed to describe any of the withholdings, or to provide any explanation as to why a given withholding falls within the claimed exemption(s). The letter was accompanied by the 55 pages in question, some of which were very heavily redacted. Each redaction indicates the exemption(s) under which it is being withheld, but no description of the withheld material is provided, nor any explanation as to why the claimed exemption(s) apply.

26.     By letter dated August 22, 2010, Plaintiff appealed ICE's July 5 determination on the grounds that ICE had failed to adequately justify their withholdings, and had improperly relied upon exemptions found in the Privacy Act in responding to a FOIA request. The appeal was sent via courier service and arrived at the appropriate address on August 23, 2012. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), a decision on that appeal is due twenty business days after receipt, on or about September 21, 2012, at which time administrative appeals will have been exhausted with respect to the withholdings in these 55 pages.

27.     Because an administrative appeal is pending with respect to these 55 pages, the present Complaint does not assert claims relating to those particular pages, which are therefore not yet the subject of any litigation.

<u>USCIS FOIA: Referral of Documents to FBI</u>

28.     USCIS has stated that it has referred 80 pages to ICE and FBI. ICE has stated that it has received 55 pages from USCIS. It therefore appears that the remaining 25 pages were referred by USCIS to the FBI. Nonetheless, Plaintiffs have not received any correspondence whatsoever from the FBI regarding these documents referred to it by USCIS.

29.     Plaintiffs bring this action to challenge to compel the FBI to produce all of the records that were referred to it by USCIS.

## ICE FOIA

30.     On January 10, 2012, Plaintiffs submitted a FOIA Request to ICE seeking "any and all records held by Immigration and Customs Enforcement regarding Dr. Qatanani . . . ."

31.     The January 10, 2012 Request to ICE also sought expedited processing, explaining that Dr. Qatanani is in the midst of removal proceedings.  In support of this Request, Plaintiffs attached a notice from the Immigration Court scheduling Dr. Qatanani's upcoming factual hearing, at which the responsive records would be necessary to his defense.

32.     Also attached to the January 10, 2012 FOIA Request was a notarized consent form, signed and sworn to by Dr. Qatanani, authorizing Ms. Slovinsky "to obtain and review any and all information pertaining to [him]."

33.     By letter dated May 8, 2012, Catrina M. Pavlik-Keenan, FOIA Officer at ICE, issued a final response to Plaintiff's FOIA Request.  The letter indicated that the request had been assigned case number 2012FOIA4879.  The letter stated that "[a] search of files within ICE's Office of Homeland Security Investigations (HSI) had produced a three-page record regarding an ongoing immigration proceeding."  The letter went on to state that "[d]ue to the open status of the immigration proceeding, I have determined that the three-page record related to the immigration proceeding is withholdable in its entirely pursuant to Title 5 U.S.C. § 552(b)(7)(A)."  The letter went on to describe the scope of Exemption 7(A) and to state that the three-page document fell within that scope because "if disclosed prior to completion [of the immigration proceeding, it] could reasonable be expected to interfere with those proceedings and final agency actions related to those proceedings."  No further explanation for the withholding was provided, except that Ms. Pavlik-Keenan reserved the right to assert other exemptions, "such

as FOIA Exemptions (1), (2), (3), (5), (6), 7(C), 7(D), and/or 7(E)," in the event that "pending matters are resolved." The letter did not address Plaintiff's request for expedited processing.

34.   Plaintiff appealed ICE's decision by letter dated May 25, 2012. The appeal challenged the propriety of the withholdings under the claimed FOIA exemption and also challenged the adequacy of ICE's search, which had only revealed three responsive pages. Plaintiff requested that ICE search its records again, and not limit its search to ICE's Office of Homeland Security Investigations, but rather include all units within ICE. ICE acknowledged receipt of the appeal by letter dated May 30, 2012, written by Susan Mathias, Chief of the Government Information Law Division at ICE Office of the Principal Legal Advisor. The letter indicated that the appeal had been assigned case number OPLA12-511.

35.   ICE issued its response to Plaintiff's administrative appeal by letter dated July 9, 2012. The letter affirmed the original decision in its entirety, stating that "[o]nce it was determined that all categories of potentially responsive records could reasonably be expected to interfere with ongoing law enforcement activities, the search for responsive records would ordinarily be considered completed and the application of FOIA Exemption (b)(7)(A) proper. As such, no portion of the documents was determined to be releasable under the provisions of exemption (b)(7)(A)." The decision on appeal did not say whether ICE had conducted a more thorough search for records, and it did not say whether its searches for records had been conducted in components of ICE other than the Office of Homeland Security Investigations, as Plaintiff had requested in her appeal. Moreover, the decision on appeal suggests that ICE may not be withholding records on the basis of a document-by-document review of all responsive pages with an eye toward producing any reasonably segregable portions thereof, but instead has

simply made a blanket determination that all potentially responsive records "could reasonably be expected to" be covered by Exemption (b)(7)(A).

36.     The July 9, 2012, letter stated that it was a final action of ICE, judicially reviewable pursuant to 5 U.S.C. § 552(a)(4)(B).

37.     Plaintiffs bring this action to challenge the propriety of ICE's withholdings and, if necessary, to compel further searches for responsive documents.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO MAKE AVAILABLE THE REQUESTED RECORDS

38.     Defendants have withheld records in full or in part.  Defendants have not adequately justified the withholding of any records or portions thereof as exempt or excluded from disclosure pursuant to 5 U.S.C. §§ 552(b)-(c).  Defendants have thereby violated and continue to violate 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A); 6 C.F.R. §§ 5.6(b)-(c); and 28 C.F.R. §§ 16.6(b)-(c).

### SECOND CAUSE OF ACTION
### FAILURE TO TIMELY RESPOND TO PLAINTIFFS' REQUESTS.

1.     With respect to the documents referred to the FBI by USCIS, the FBI has failed to produce or withhold documents within twenty days, or to provide any response at all, in violation of 5 U.S.C. § 552(a)(6)(A)(i); 6 C.F.R. § 5.6(b); and 28 C.F.R. § 16.6(b).

2.     The FBI has not invoked any provision of FOIA or their implementing regulations that might lawfully toll the twenty-day deadline.

### THIRD CAUSE OF ACTION
### FAILURE TO CONDUCT AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS

3.     Defendants' failure to make a reasonable effort to search for all records responsive to Plaintiffs' Requests violates 5 U.S.C. § 552(a)(3)(C).

FOURTH CAUSE OF ACTION
FAILURE TO GRANT REQUEST FOR EXPEDITED PROCESSING

4.     With respect to the FOIA request directed to ICE, ICE failed to render a decision on Plaintiffs' request for expedited processing within ten days, in violation of 5 U.S.C. § 552(a)(6)(E)(ii)(I); 6 C.F.R. § 5.5(d)(4).

5.     Plaintiffs have a compelling need for the expedited processing of the requested records because, among other reasons, Defendants' failure to process the records on an expedited basis will result in a loss of Due Process rights and substantial prejudice to Dr. Qatanani in the defense of the removal proceedings pending against him.

6.     Defendants' failure to grant expedited processing violates 5 U.S.C. § 552(a)(6)(E)(i); 6 C.F.R. § 5.5(d)(1).

**REQUESTED RELIEF**

WHEREFORE the Plaintiffs respectfully request that the Court:

(a)     Order the Defendants to promptly disclose the requested records in their entirety, and to make copies available to the Plaintiffs;

(b)     Order the FBI immediately to process all records referred to it;

(c)     Order the Defendants to conduct a thorough search for all responsive records;

(d)     Award Plaintiffs' their costs and attorneys fees incurred in this action; and

(e)     Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,


/s/Lawrence S. Lustberg
Lawrence S. Lustberg
Jonathan M. Manes
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102
(973) 596-4500 (tel)
(973) 639-6285 (fax)
LLustberg@gibbonslaw.com
JManes@gibbonslaw.com

Claudia Slovinsky
Leena Khandwala
**CLAUDIA SLOVINSKY & ASSOC. PLLC**
233 Broadway, Suite 2005
New York, NY  10279
(212) 925-0101 (tel)
(212) 219-9412 (fax)
cslovinsky@slovinsky.com
lkhandwala@slovinsky.com

*Attorneys for the Plaintiffs*

DATED: August 24, 2012